UNITED STATES DISTRICT COURT　　　　　　　FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

MAURICE TODD,

                    *Plaintiff*,

                                             MEMORANDUM
                                             AND ORDER

   - against -

MICHAEL ZENK, et al.,                                08-CV-3116 (JG) (LB)

                    *Defendants*.
----------------------------------------------------------------- X

A P P E A R A N C E S :

    MAURICE TODD
        # 26267-053
        USP Lewisburg
        P.O. Box 1000
        Lewisburg, PA 17837
        Plaintiff *Pro Se*

    BENTON J. CAMPBELL
        United States Attorney for the
        Eastern District of New York
        271 Cadman Plaza East, 7th Floor
        Brooklyn, NY 11201
    By:   David M. Eskew
        *Attorneys for Defendants*

JOHN GLEESON, United States District Judge:

        Maurice Todd brings this action pursuant to, *inter alia*, 28 U.S.C. § 1331, alleging various claims arising from inadequate medical treatment following an injury sustained while he was incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York. Defendants Michael Zenk and Dr. Robert Beaudouin[1] (the "federal defendants") move to dismiss, alleging that Todd has failed to state a claim against them and that his suit is barred by

---

[1] Referred to in the complaint as "Dr. Boudouin." Compl. ¶ 7.

the statute of limitations. For the following reasons, the motion to dismiss as to Zenk and Beaudouin is granted.

BACKGROUND

The following facts are drawn from the plaintiffs' complaint and his letter of January 6, 2009[2] supplementing that complaint. They are assumed true for the purposes of this motion.

On August 20, 2002, Todd injured his right leg while playing basketball at the MDC, where he was incarcerated while awaiting trial. He experienced "excruciating pain" and swelling, and sought medical attention. Compl. ¶ 18. After about ten days, he was seen by P.A. "A. Walker," who told him the injury was just a sprain. Todd, who did not agree with this diagnosis, filed administrative complaints and sought further treatment. In October 2002, an MRI revealed a ruptured Achilles tendon. One month later, Defendant Dr. Abeles performed surgey on Todd without consulting his medical history, and was therefore unaware that Todd suffered from sarcodosis, a condition affecting the Achilles tendon.

Following the surgery, Todd was in a hip cast until March 2003. While he was in the case, his foot pointed downward, such that it healed "in a crippled position with extensive scar tissue." Compl. ¶ 24. On September 24, 2003, he was transferred to U.S.P. Lewisburg,[3] and on March 2, 2004, he was transferred to Devens Medical Center in Massachusetts for "more observation on his Achilles tendon." January 6 Letter. While there, he was told that his tendon had fused and could not support his weight. In December of 2004, he received another surgery "because of the damage and the improper initial medical treatment," and was told he "would

---

[2] The letter is dated January 6, "2008," but was obviously written in early 2009, as it refers to correspondence sent by the government on December 29, 2008.
[3] Plaintiff's letter also states that "[o]n March 23, 2004, plaintiff left M.D.C. Brooklyn where he was housed as a holdover." Accordingly, it is unclear how much time Todd spent at the MDC after September 24, 2003.

possibly need more surgery in the future." Compl. ¶ 26. It is not clear where this surgery took place or who performed it. Todd's January 6, 2009 letter concludes that "on August 2, 2005, plaintiff was transferred from Devens Medical Center back to U.S.P. Lewisburg," and that this date was the last time he had any "medical work done" on his tendon. It is unclear where that work took place or who performed it. Todd's complaint, dated June 27, 2008, was filed on July 14, 2008.

DISCUSSION

A. *Dismissal Under Rule 12(b)(6) for Failure to State a Claim*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule 12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)).

While specific facts are generally not necessary to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 550 U.S. at 555), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 550 U.S. at 554-56. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual

3

allegations in those contexts where such amplification is needed to render the claim plausible."

*Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*).

B.     *Statute of Limitations*

The only defendants who have appeared are Zenk and Beaudouin.[4]  As to these defendants, Todd's claim is that they displayed deliberate indifference to his medical needs in violation of the Eighth Amendment.  *See Johnson v. Wright*, 412 F.3d 398 (2d Cir. 2005).  Zenk and Beaudouin state that any deliberate indifference claims against them are barred by the statute of limitations.  The statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c)(1), and "a complaint can be dismissed for failure to state a claim pursuant to a Rule 12(b)(6) motion raising an affirmative defense 'if the defense appears on the face of the complaint.'"  *Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 332 F.3d 147, (2d Cir. 2003).  As Todd acknowledges, see Pl. Mem. in Opp. 7, a claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis for his action."  *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980).

The only injury causally connected to any deliberate indifference by Zenk or Beaudouin would be injury from the initial delay in medical treatment or the injury caused by the possibly faulty November 2002 surgery.  Todd obviously knew of these injuries by December 2004, when he alleges that he "received another surgery because of the damage and the improper medical treatment."  Compl. ¶ 26.  Accordingly, the three-year limitations period, *see Kronisch v. United States*, 150 F.3d 112, 123 (2d Cir. 1998) ("Federal courts in New York apply a three-year statute of limitations period *Bivens* claims."), began to run at that time.  Because Todd did

---

[4]     As of January 22, 2009, as the government noted in its memorandum in support of the instant motion, none of the summonses issued to the defendants in this case had been docketed as executed.  However, the summons delivered to "Dr. Boudouin" was returned executed on February 20, 2009.

4

not mail his complaint until June 27, 2008, well over three years after that date, his claims are clearly untimely.

Todd asserts that the limitations period did not begin to run until August 2, 2005, the last date he received treatment for his Achilles tendon. However, the relevant accrual date for a deliberate indifference claim is when the plaintiff learns of his injury, not when the treatment for that injury has ceased. There is no indication that he was harmed by any treatment received between December 2004 and August 2005, or that Zenk or Beaudouin were somehow responsible for Todd's medical needs during this period. Todd apparently believes that some version of the continuing treatment doctrine, which might toll the limitations period for state malpractice actions, applies here. *See, e.g., Richardson v. Orentreich*, 64 N.Y.2d 896 (1985). However, the relevant state law analog for a *Bivens* action is personal injury, not medical malpractice, and thus the continuing medical treatment doctrine does not apply. And even if medical malpractice provided the proper analog here, and the continuing treatment doctrine applied, malpractice claims have a 2.5-year limitations period. N.Y.C.P.L.R. § 214(a). Under this shorter limitations period, Todd's claim would be barred after February 2, 2008, and the current complaint would still be untimely.

## CONCLUSION

Because Todd's claims against Zenk and Beaudouin are untimely, and this defect is plain from the face of Todd's complaint, I accordingly dismiss the complaint against defendants Zenk and Beaudouin.

So ordered.

5

                                        John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       May 15, 2009